caused by a sea peril is a loss by sea perils. The Appellate Division held that the proximate cause of the loss was the sea peril and directed judgment for plaintiffs.

*D. Roger Englar* and *Oscar R. Houston* for appellant. *Wharton Poor* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

HERMAN SLOMIN, an Infant, by JACOB SLOMIN, His Guardian ad Litem, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

*Negligence — New York city — child run over by truck engaged in work of street paving — city not liable where accident happened through intervention of third party — failure to prove ownership or operation of wagon by city.*

*Slomin* v. *City of New York*, 207 App. Div. 896, affirmed.
(Submitted October 23, 1924; decided November 25, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 24, 1923, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. On August 25, 1920, William Sullivan, driving a team and a truck upon which was displayed the sign " Department of Highways No. 47, City of New York," hauled a load of grit from defendant's yard at Webster avenue to pavers employed by defendant at Stebbins avenue. Arriving at Stebbins avenue, he was told by defendant's foreman not to dump the grit at that time, but to drive his loaded truck away, get dinner and return with the grit so that the pavers could use it at one o'clock. He drove away, had his dinner and started back with his truck to Stebbins avenue. When near the intersection of Stebbins avenue and East One Hundred and Seventieth street and about one

hundred feet from his destination, plaintiff was run over and injured. The complaint, based upon that accident against this defendant, was dismissed upon the ground that it happened through the intervention of a third party, an independent contractor, over whom defendant had no control, and also upon the ground that plaintiff had failed to prove facts sufficient to constitute a cause of action in that he failed to prove that defendant owned, operated, controlled or maintained the wagon.

*Arthur J. Levine* and *George F. Hickey* for appellant.

*George P. Nicholson, Corporation Counsel* (*John F. O'Brien, Willard S. Allen* and *Charles C. Marrin* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

NEWTON M. HUDSON, as Receiver of CENTRAL PARK, NORTH AND EAST RIVER RAILROAD COMPANY, Respondent, *v.* FORTY-SECOND STREET, MANHATTANVILLE AND ST. NICHOLAS AVENUE RAILWAY COMPANY, Appellant.

*Railroads — contract — action by receiver of street railway company to recover rent for use of portion of tracks by another street railway company.*

*Hudson v. Forty-second St., M. & St. N. Ave. Ry. Co.*, 208 App. Div. 767, affirmed.

(Argued October 23, 1924; decided November 25, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 6, 1924, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury. The complaint alleged in two separate causes of action the making of the two written agreements between the Central Park Company and the Forty-second Street Company, dated, respectively, June 14, 1886, and May 29, 1889, whereby the Forty-second Street Company was granted the right to use certain portions of the Central